JUSTICE TRIEWEILER
concurring in part and dissenting in part.
¶21 I concur with that part of the majority opinion which concludes that the foundational requirements found at § 61-8-404(l)(b)(ii), MCA (1999), and § 61-8-405(1), MCA (1999), are applicable to evidence of blood alcohol content regardless of whether the source is blood drawn pursuant to § 61-8-402, MCA, or for purposes of medical treatment. I would add that compliance with applicable administrative regulations is also necessary.
¶22 I dissent from that part of the majority opinion which concludes that blood test results obtained by medical providers are admissible to prove operation of a motor vehicle while under the influence of alcohol or drugs even though the motorist from whom the blood was drawn refused to submit to similar tests when requested to do so by a peace officer and suffered the consequences of that refusal. I would affirm the District Court and reverse our prior decision in State v. Newill (1997), 285 Mont. 84, 946 P.2d 134.
¶23 I conclude that § 61-8-402, MCA, requires consent of a driver suspected of operating a motor vehicle under the influence of alcohol before tests can he administered to prove the presence of alcohol or drugs in a person’s body. The consequences for denying that refusal are set forth in § 61-8-402(4), MCA. To hold, as the majority has done, that the consent requirement can be circumvented by going to the hospital and subpoenaing records of blood test results drawn -without the driver’s consent renders the procedural requirements in § 61-8-402, MCA, and the sanctions that it provides for failure to give consent meaningless. I would also conclude that the provision in subparagraph (10) which provides that this section does not apply to blood drawn for *498 purposes of medical treatment refers to the assumption of consent provided for in subparagraph (1) and the sanctions for withdrawal of that assumed consent in subparagraph (4). To interpret subparagraph (10) as the majority does renders the statute internally inconsistent.
¶24 Finally, I disagree that § 61-8-404(3), MCA, provides any comfort to the majority’s position. Section 61-8-404, MCA, has simply been enacted to provide that the blood or breath evidence consented to in § 61-8-402, MCA, is admissible in a judicial proceeding if the prescribed procedures are followed and the necessary foundation for admissibility is laid. Subparagraph (a) refers to any evidence of the measured amount of alcohol or drugs present and subparagraph (b) refers to a report of blood or breath test results. All of § 61-8-404, MCA, other than subparagraph (3), refers to blood or alcohol tests for the presence of alcohol in a person’s body. Therefore, when subparagraph (3) refers to “any other competent evidence,” it necessarily refers to evidence other than breath or blood tests. For that reason, it cannot serve the purpose for which it is used by the majority.
¶25 Therefore, I dissent from that part of the majority opinion which construes §§ 61-8-402 and -404, MCA, to permit the admission of blood test results taken for purposes of medical treatment from a motorist who has declined to submit to testing which would measure the presence of alcohol in that person’s body and has already suffered the consequences for that refusal.